UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK MCGRUDER                             CIVIL ACTION

VERSUS                                       NO. 14-1560

MOTIVA ENTERPRISES, LLC, ET AL               SECTION "C" (1)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition seeks damages for personal injuries allegedly sustained on June 1, 2013, during a benzene release at the Shell Norco Plant. Suit was filed on May 29, 2014, and removed on the basis of diversity jurisdiction on July 7, 2014.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988

F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendants have not met their burden to show that the jurisdictional amount is facially apparent for present purposes, nor have they made a showing sufficiently particularized to meet its burden. They argue that the petition alleges unspecified "lung damage" and seeks numerous damages along with a request for a jury trial. Rec. Doc. 11. The plaintiff argues that the jurisdictional minimum is met because the plaintiff is being

2

"treated for asthma, right flank pain, difficulty breathing, hypertension and urinary frequency," that his pulmonologist "did not relate significant long term damage as a result of the Benzene exposure" and that "the main medical issues have been his kidneys and white blood cell count." Rec. Doc. 12 at 1. The plaintiff states that his "full medical condition at this time is unknown." Id.

The record lacks evidence of significant medical expenses, a final diagnosis or prognosis, the length of any alleged disability or whether further medical treatment will be required. Absent some proof supporting that admission, federal jurisdiction would be based, at best, on speculation or consent, neither of which is allowed.

Based on the record and the law, the Court can not find that the defendants have established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana for lack of jurisdiction under 28 U.S.C. §

1447(c).

New Orleans, Louisiana, this 30th day of September, 2014.

                                                    HELEN G. BERRIGAN  
                                                  UNITED STATES DISTRICT JUDGE